(No. 4164 )

MATIE P. HENDERSON, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed December 7, 1949.*

FRANK R. EAGLETON AND JOHN F. McGINNIS, Attorneys for Claimant.

IVAN A. ELLIOTT, Attorney General; C. ARTHUR NEBEL, Assistant Attorney General, for Respondent.

LANSDEN, J.

Claimant, Matie P. Henderson, seeks to recover from respondent under Section 3 of the Workmen's Occupational Diseases Act because she contracted tuberculosis while employed as an attendant at the Alton State Hospital. That she did contract tuberculosis is conceded, her condition having been diagnosed in 1947.

Claimant commenced work for respondent on January 3, 1944. At that time she was free of tuberculosis. Three times per week for twenty weeks after her employment commenced she was required to and did attend a one-hour instruction class for newly hired attendants, which class was conducted immediately after her eight

hour working day. Claimant alleges that this constituted a violation of Ill. Rev. Stat. 1949, Chap. 48, Sec. 5, which limits the hours of labor for females in State institutions to eight in any one day. We do not think it does, because her regular work was over and her exposure to tuberculosis patients had ceased when she went to class. Furthermore, it is inherent in the construction to be given to such statute that there must be some possible causal connection between the violation of the statute and the injury complained of. In this case, the chain of causation was lacking in vital links.

Her classroom work did not expose her to tuberculosis, and according to Claimant's Exhibit 2-C, chest X-rays taken of her in November, 1944, February, August and November, 1945, and February and May, 1946, showed no tuberculosis. Thus the proof in this case negatives conclusively any conclusion that claimant contracted tuberculosis from the violation of the eight-hour law if there was such a violation.

Section 3 of the Workmen's Occupational Diseases Act further provides that an ''action for damage for injury to the health shall be commenced within three (3) years of the last exposure to the hazards of the disease. . . .'' If a claimant chooses to rely on a statutory violation, the next logical step in the construction of Section 3 is that the action must be commenced within three (3) years of the last date upon which the statute was violated. This claimant has failed to do. Her instruction classes ended not later than May, 1945, yet her complaint herein was filed February 15, 1949.

Claimant testified that she wore a mask and gown at all times in the tuberculosis ward and that the ventilation in such ward was very good.

Claimant was off work for some time and was paid

by respondent at a reduced rate for her time off in accordance with a departmental policy. She returned to work in August, 1948, and her tuberculosis is now considered arrested and is no longer active.

Under the previous decisions of this Court, claimant has failed to establish her claim that she acquired tuberculosis as a result of negligence of respondent, and her claim must be and is hereby denied. *Wheeler* v. *State,* 12 C.C.R. 254; *Norman* v. *State,* 16 C.C.R. 128; *Domke* v. *State,* 12 C.C.R. 452; *Odle* v. *State,* 16 C.C.R. 183; *McNutt* v. *State,* 17 C.C.R. 18.

Hugo Antonacci, Springfield, Illinois, was employed to take and transcribe the testimony before Commissioner Summers. Charges in the amount of $56.70 were incurred, which charges are reasonable and customary. An award is therefore entered in favor of Hugo Antonacci for such amount.